# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT ALEXANDER WILLIAMS,<br><br>            Plaintiff,<br><br>    v.<br><br>DIRKSE, *et al.*,<br><br>            Defendants. | Case No.  1:21-cv-00047-BAM (PC)<br><br>ORDER DENYING APPOINTMENT OF COUNSEL<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Scott Alexander Williams ("Plaintiff") is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff's complaint, filed on January 31, 2021, is currently before the Court for screening.  (Doc. 1.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Stanislaus County Public Safety Center, Modesto California, where the events alleged in the complaint occurred. It is unclear if Plaintiff is convicted or a pretrial detainee.[1] Plaintiff names the following defendants: (1) Jeff Dirkse, Sheriff, (2) Bill Duncan, Captain, (3) Scott Houston, Facilities Lieutenant, (4) Anthony Elliot, Operations Sergeant, (5) Stanislaus Public Safety Center ("PSC"), (6) Stanislaus County Sheriff's Office, (7) Stanislaus County Board of Supervisors, (8) Brigit Fladager, District Attorney.

In claim 1, Plaintiff alleges the PSC, the Sheriff's Office, Board of Supervisors and Dirkse and District Attorney Fladager failed to properly oversee their subordinates at PSC, Captain Bill Duncan and Lieutenant Houston, in the creation and implementation of the mail procedure to ensure the procedure complies with the law. Defendants Duncan, Houston and Elliot are response for the creation and implementation of the PSC mail procedure that wakes Plaintiff up during the night when the program is shut down and he is asleep. Plaintiff alleges he is being denied of the minimal level of nightly sleep from the jail procedures. In claim 2, Plaintiff alleges

---

[1] In any amended complaint, Plaintiff should clarify if he is a pretrial detainee or whether he has been convicted.

a violation of the Fourteenth Amendment and restates the same allegations as in claim 1. In claim 3, Plaintiff alleges a violation of the First Amendment and restates the same allegations as in claim 1.

In claim 4, Plaintiff alleges a violation of the Fourteenth Amendment.  Plaintiff alleges that the PSC, the Sheriff's Office, Board of Supervisors and Dirkse and District Attorney Fladager failed to properly oversee their subordinates at PSC, Captain Bill Duncan and Lieutenant Houston, in the creation and implementation of the program and lockdown procedure and policy which denied Plaintiff access to phone calls and visits for 19 days (11/30/2020-12/20/20200 when he was not on disciplinary status. Plaintiff suffered mental health deterioration, duress, anxiety, sleep deprivation. Claim 5 alleges a violation of the Eighth Amendment and restates the same allegations as in claim 4. Claim 6 alleges a violation of the Fourteenth Amendment and restates the same allegations as in claim 4. Claim 7 alleges a violation of the Sixth Amendment and restates the same allegations as in claim 4.

In addition to compensatory and punitive damages, Plaintiff seeks a declaration of his rights and an injunction to force defendant to cease their illegal mail procedures and policies and change mail delivery time from 12 a.m. to daytime, among other requests.  He also seeks a preliminary and permanent injunction.  (See Doc. 1, p. 18.)

**III.  Motion to Appoint Counsel**

In his complaint, Plaintiff requests appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

3

the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and with limited access to the law library almost daily. Many of these prisoners also have limited education and receive mental health treatment. These litigants also must conduct legal research and litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened to determine whether it states cognizable claims upon which it may proceed, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

**IV.   Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. Because he is proceeding pro se, Plaintiff will be granted leave to amend his complaint to the extent that he can do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

4

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff's allegations must be based on facts as to what happened and not conclusions. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff's complaint fails to link each defendant to potential constitutional violations. Plaintiff must name individual defendants and allege what each defendant did or did not do that resulted in a violation of his constitutional rights. In any amended complaint, Plaintiff should allege what each individual defendant did or did not do that caused the asserted deprivation.

### C. Supervisor Liability

Insofar as Plaintiff is attempting to sue Defendants Dirske, Duncan, Houston, Elliot, or any other defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d

5

1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan,* 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must... demonstrate that his deprivation resulted from an official policy or custom established by a... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. *See Iqbal*, 556 U.S. at 678. Plaintiff has failed to allege facts to support that any supervisory Defendant participated in or directed the violations, or knew of the violations and failed to act to prevent them. Plaintiff also has failed to plead facts showing what policy or policies he alleges violated his constitutional rights and that any policy was a moving force behind the alleged constitutional violations. *See Willard v. Cal. Dep't of Corr. & Rehab.,* No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged

6

constitutional deprivation."); *see Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (the director of the state health department has no liability, unless director personally participated in the taking of his property)

**D. County Defendants**

Plaintiff names Stanislaus Public Safety Center, the Stanislaus County Sheriff's Office, District Attorney's office, and the Stanislaus County Board of Supervisors as defendants.

Under section 1983, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir. 2010).

To state a claim, "[i]t is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference' " to his constitutional rights. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016), cert. denied sub nom., *Los Angeles Cty., Cal. v. Castro*, 137 S. Ct. 831 (2017). The deliberate indifference standard is satisfied where a plaintiff alleges facts available to the municipality's policymakers that "put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens." *Castro*, 833 F.3d at 1076.

Here, Plaintiff has not linked any alleged violation of his rights to a policy or practice attributable to Stanislaus County, nor has he provided facts to support that Stanislaus County knew of, and blatantly ignored, the alleged violations committed by its employees. Therefore, Plaintiff has failed to state a cognizable claim against the County defendants.

In addition, prosecutors are absolutely immune from liability when performing the traditional functions of an advocate and acts that are "intimately associated with the judicial phase of the criminal process." *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted). It is unclear from Plaintiff's allegations what he contends the District Attorney did or did not do that violated his

rights.

### E. Eighth Amendment: Deliberate Indifference to Risk of Harm

Assuming Plaintiff is a convicted inmate,[2] "The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (*citing Helling v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 832–33, 114 S.Ct. 1970; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, 714 F.3d at 1160. This involves both objective and subjective components. The objective component requires that the alleged deprivation be "sufficiently serious"; where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834, 114 S.Ct.

---

[2] If Plaintiff is not a convicted inmate, the standards are under the Fourteenth Amendment. The Fourteenth Amendment protects the rights of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Demery v. Arpaio,* 378 F.3d 1020, 1029 (9th Cir. 2004) (quoting Bell, 441 U.S. at 535). During the period of detention prior to trial, a pretrial detainee may be properly subject to the conditions of the jail so long as they do not amount to punishment. *Bell*, 441 U.S. at 536–37. "Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.' " *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case. *Id.; Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

1970 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). The subjective component requires that the prison official actually "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837, 114 S.Ct. 1970; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must ''be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and...must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.*" Id*. at 847, 114 S.Ct. 1970.

For excessive noise to be cognizable under the Eighth Amendment, "it 'must either significantly exceed, or be independent of, the inherent discomforts of confinement.' " *Endsley v. Luna*, 750 F. Supp. 2d 1074, 1100 (C.D. Cal. 2010) (quoting *Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004)); *Moreno Montecastro v. Newsom*, 2020 WL 6484097, at *6 (E.D. Cal. Nov. 4, 2020). In *Toussaint v. McCarthy*, the Ninth Circuit affirmed the district court's remedy to alleviate an unconstitutional level of noise at San Quentin and Folsom State Prisons. *Toussaint v. McCarthy*, 801 F.2d 1080, 1110 (9th Cir.1986), cert. denied, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987). The district court described the noise as an "unrelenting, nerve-racking din" and a "constant racket" that "reverberates freely, magnifying noises of all kinds." *Toussaint v. McCarthy*, 597 F.Supp. 1388, 1397 (N.D.Cal.1984), rev'd in part on other grounds, 801 F.2d 1080 (9th Cir.1986); *see Keenan v. Hall*, 83 F.3d 1083, 1089-90 (9th Cir. 1996) (concluding that deprivation of outdoor exercise, excessive noise and lighting, lack of ventilation, inadequate access to basic hygiene supplies, and inadequate food and water were sufficient to state an Eighth Amendment claim).

Plaintiff's allegations fail to allege whether the noise awaking him due to the mail procedure could satisfy either the objective component or the subjective component.  Plaintiff failed to allege any facts surrounding being awaken in the night from the mail procedures.

Plaintiff also claims he was denied visitation during a lockdown.

There must be a "mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Wolff v. McDonnell*, 418 U.S.

539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). This principle applies equally to pretrial detainees and pretrial detainees do not possess the full range of freedoms as an unincarcerated individual. *Bell v. Wolfish*, 441 U.S. at 546, 99 S.Ct. 1861. "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id.*

Inmates do not have a clearly established constitutional right to receive visits, in particular contact visits. *Dunn v. Castro*, 621 F.3d 1196, 1202 (9th Cir.2010); *Toussaint v. McCarthy*, 801 F.2d 1080, 1114 (9th Cir.1986) ( "To the extent that denial of contact visitation is restrictive and even harsh, it is part of the penalty that criminals pay for their offenses against society"). The Supreme Court has upheld a variety of restrictions on visitation (including denials of contact visitation, as well as limitations on the people allowed to visit an inmate) against First, Eighth, and Fourteenth Amendment challenges. *Overton v. Bazzetta*, 539 U.S. 126, 133, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003).Only where all visitation privileges have been revoked permanently or for a substantial period of time will the deprivation take on constitutional proportions. *See Overton*, 539 U.S. at 130, 123 S.Ct. 2162; *Dunn v. Castro*, 621 F.3d 1196, 1204 (9th Cir. 2010).

It is unclear whether Plaintiff is attempting to bring a claim based upon the lock down of the facility. It appears that Plaintiff alleges that after the facility was locked down, he was unable to have attorney visits or receive visitors. However, Plaintiff does not have an unfettered right to visitation. *Overton*, 539 U.S. at 133, 123 S.Ct. 2162; *Block v. Rutherford*, 468 U.S. 576, 586, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984). Plaintiff's complaint is devoid of any factual allegations regarding the reason for the lock down, but it is reasonable to assume that denial of visitation was a result of COVID, considering the period of time in question. The temporary limitation on visitation during a lockdown of the facility to restore order provides a legitimate interest in restoring order at the institution.

In addition, the length of time a deprivation continues is relevant to determining whether the deprivation amounts to punishment. *See Pierce v. Cty of Orange*, 526 F.3d 1190, 1212 (9th Cir. 2008) (criminal detainee's length of stay in jail was one factor in determining whether

Fourteenth Amendment violation had occurred); *Sisneroz v. Whitman*, No. CV F 01–5058 2008 WL 4966220, at *9 (E.D. Cal. Nov. 20, 2008) (finding that "constitutional deprivation arises from systematic, substantial deprivation" and that some amenities "may be unavailable [to SVPs] for short periods of time for various reasons" without taking on constitutional proportions).

Plaintiff will be granted leave to amend.

### F.  Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest*." Eccles v. Peoples Bank of Lakewood Vill*., 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties*." United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### G.  Injunctive Relief

Plaintiff seeks injunctive relief in this action. Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  In cases brought by prisoners involving conditions of confinement, any injunction "must

be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

The injunctive relief Plaintiff is seeking, such as placing booking photos on cell doors and creating an oversight committee, among other remedies, goes beyond what would be allowed under the PLRA as it is not narrowly tailored to address the violations of the rights at issue in this action and is too intrusive. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988). Therefore, the Court cannot grant broad requests for relief or requests based on the possibility of an injury.

### V.     Conclusion and Order

Plaintiff's motion to appoint counsel is DENIED without prejudice.

Plaintiff's complaint fails to state a cognizable claim for relief.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.,* 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 5, 2021**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE